IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAROYA WHARTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25CV1050 |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint "for Declaratory and Injunctive Relief" [Doc. #2] and an Application to Proceed In Forma Pauperis [Doc. #1] filed by Plaintiff Laroya Wharton, seeking to prevent foreclosure proceedings initiated by Defendant on Plaintiff's residence. Since filing her Complaint and the initial Application to Proceed In Forma Pauperis, Plaintiff has also filed an Amended Application to Proceed In Forma Pauperis [Doc. #4]. For the reasons set out below, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v.

Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.1 As part of this review, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In the present case, Plaintiff brings claims related to the foreclosure proceedings on her residence. In the Complaint, Plaintiff contends that Defendant has violated the Federal Reserve Act by "failing to acknowledge the promissory note as collateral security and by attempting to foreclose without proper standing." (Compl. at 2, ¶ 14.) In support of her

---

1 Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

claim, Plaintiff alleges that the promissory note delivered to Defendant "automatically converted into a security upon deposit, . . . and thus constituted collateral property, not an obligation to pay [Defendant] directly." (Compl. at 6.) Plaintiff contends that the promissory note securing her repayment on the mortgage loan agreement with Defendant is a nullity, because "Defendant has not demonstrated that it loaned lawful money, . . . and has instead relief on book-entry credits that do not satisfy legal requirements for lawful currency." (Compl. at 2, ¶ 12.) While Plaintiff cites Section 16 of the Federal Reserve Act, see 12 U.S.C. §§ 411–21, as the basis for this Court's jurisdiction, see (Compl. at 2, ¶¶ 2, 7, 8, 12), Section 16 of the Federal Reserve Act does not contain a private right of action. Slocum v. Zen Realty, No. 5:23-CV-550-FL, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024). Plaintiff has not attempted to state any other basis for a claim, and instead raises frivolous contentions regarding the validity of the promissory note and mortgage debt.[2] Therefore, dismissal of the Complaint is warranted for frivolity and for failure to state a claim upon which relief may be granted.

---

[2] The Court notes that Plaintiff's allegations resemble theories espoused by the sovereign citizens movement, which the federal courts have routinely rejected as "frivolous, irrational and unintelligible." Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017). Plaintiff's allegations echo the "vapor money" theory, which provides that "since 1933 and the New Deal, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender." Ananiev v. Aurora Loan Servs., LLC, No. C. 12-2275 SI, 2012 WL 4099568, at *1 n.3 (N.D. Cal. Sep. 17, 2012). Under this theory, "loans not based on legal tender are not collectible." Id. The federal courts have consistently rejected such claims. See, e.g., Marvin v. Capital One, No. 1:15-cv-1310, 2016 WL 4548382, at *4–5 (W.D. Mich. Aug. 16, 2016) (collecting cases to conclude that the vapor money theory is without any legal merit and dismissing claims as such); Miner v. JPMorgan Chase Bank, No. 5:12-cv-02622 EJD, 2013 WL 1089909, at *3 (N.D. Cal. Mar. 15, 2013) (finding that "claims based on the 'vapor money' . . . theory have no basis in law," and noting that such claims "have been brought and rejected across the United States for over 25 years"); Carrington v. Fed. Nat'l Mortg. Ass'n, No. 05-CV-73429-DT, 2005 WL 3216226, at *3 (E.D. Mich. Nov. 29, 2005) (finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); Johnson v. Wennes, No. 08cv1798-L(JMA), 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) ("It strains the imagination for plaintiff to suggest that he should have clear title to his home without paying for it.").

IT IS THEREFORE ORDERED that in forma pauperis status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

This, the 10th day of August, 2026.

Joi Elizabeth Peake
United States Magistrate Judge