IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAROYA WHARTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT,<br><br>Defendant. | ) | 1:25-cv-1050 |

**ORDER**

This matter is before the court for review of the Order and Recommendation ("Recommendation") filed on August 10, 2026, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 5.) In the Recommendation, the Magistrate Judge recommends that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Recommendation was served on the Plaintiff on August 10, 2026. (Doc. 6.) Plaintiff filed timely objections, (Doc. 7), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . .[,] or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has considered Plaintiff's arguments in her objections and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.[1]

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 5), is **ADOPTED. IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 25th day of August, 2026.

William L. Osteen, Jr.
United States District Judge

[1] Plaintiff's arguments are primarily directed to being allowed to amend the complaint. However, Plaintiff offers no specific facts which plausibly suggest any claims under federal law exist.